**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 95-5210

GERMAN ALBERTO ALVAREZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-94-534-A)

Submitted: January 14, 1997

Decided: March 3, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph M. Cardona, KOORITZKY & ASSOCIATES, Arlington, Virginia, for Appellant. Helen F. Fahey, United States Attorney, John J. Farley, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

German Alberto Alvarez pled guilty to conspiracy, in violation of 18 U.S.C. § 371 (1994); immigration fraud, in violation of 18 U.S.C. § 1546(a) (1994); mail fraud, in violation of 18 U.S.C. § 1341 (1994); and income tax fraud, in violation of 26 U.S.C.§ 7206(1) (1994).

Alvarez and his mother, Nina Rancone, established a business known as Metropolitan Immigration Services Incorporated (MISI). MISI prepared and submitted fraudulent immigration applications to the United States Immigration and Naturalization Service (INS) on behalf of its clients, who paid a fee for MISI's services.

At sentencing, the Government claimed that there had been over 100 fraudulent documents involved in Alvarez's offense. Thus, the Government argued that Alvarez's offense level should be increased by six points pursuant to United States Sentencing Commission, Guidelines Manual § 2L2.1(b)(2)(C) (Nov. 1994). The district court heard evidence to determine the number of fraudulent political asylum applications involved in Alvarez's offense. The court concluded that the Government proved by a preponderance of the evidence that over 100 sets of documents were involved in the offense. Thus, the court increased Alvarez's offense level by six points. USSG § 2L2.1(b)(2)(c).

Alvarez then moved to withdraw his guilty plea, claiming that he pled guilty based on his understanding that the facts would not support a six-point enhancement. The court denied Alvarez's motion to withdraw his guilty plea and sentenced Alvarez to thirty-three months incarceration and three years of supervised release.

On appeal, Alvarez claims that the district court erred by: (1) denying his motion to withdraw his guilty plea; and (2) enhancing his offense level by six points.

2

Initially, we note that Alvarez waived his appellate rights in his plea agreement. A defendant may waive his appellate rights as part of a valid plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). To be a valid waiver, the waiver must be knowingly and intelligently made. United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). A de novo review of the materials before the court suggests that these prerequisites were met. The plea agreement explained each of the rights Alvarez was waiving by pleading guilty. Acknowledging all this, Alvarez knowingly waived the right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined) on any ground, in exchange for the concessions made by the United States in his plea agreement. Although a transcript of the plea hearing is unavailable to show that the district court specifically asked Alvarez whether he understood the significance of the waiver provision, there is no evidence in the record or in Alvarez's argument that Alvarez lacked an understanding of the import of the waiver provision or that the plea hearing was in any way deficient. See United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). Thus, Alvarez waived his right to appeal. In any event, Alvarez's claims are meritless.

First, Alvarez claims that the district court erred by failing to grant his motion to withdraw his guilty plea. We review a district court's refusal to allow a defendant to withdraw a guilty plea for an abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). Rather, the defendant must present a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id.

Courts consider several factors in determining whether to permit withdrawal of a guilty plea: (1) whether there was a delay between the entry of the plea and the filing of the motion; (2) whether the defendant was assisted by competent counsel; (3) whether the defendant credibly asserted his legal innocence; (4) whether the defendant

3

offered credible evidence that his plea was not knowing or voluntary; (5) whether the withdrawal would prejudice the government; and (6) whether the withdrawal would inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. Lambey, 974 F.2d at 1393-94.

Using the factors as a guide, Alvarez's strongest argument is that throughout the plea agreement process he was led to believe that a four-point sentence enhancement would be applied to him. Alvarez alleges that upon learning that the court would use a six-point enhancement in calculating his sentence, he moved to withdraw his guilty plea. A review of the evidence, however, does not support Alvarez's claim.

Alvarez was advised of the maximum penalties he faced in his plea agreement and was sentenced within the statutorily permissible range. Further, Alvarez's plea agreement advised him that his sentence would be imposed in accordance with the sentencing guidelines, the court had jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which he pled guilty, and the court had not yet determined a sentence. Alvarez also was informed that any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the probation office, was a prediction, not a promise, and was not binding on the United States, the probation office, or the court. Further, Alvarez was notified that the United States did not make any promises or representations concerning what sentence he would receive, and he could not withdraw a guilty plea based upon the actual sentence.

After Alvarez moved to withdraw his guilty plea, he testified that the court asked him at his plea hearing whether there were any promises or assurances other than those reflected in the plea agreement and he stated that there were none. He further testified that when he entered the plea agreement, it was uncertain whether he would receive a six-point enhancement. The sentencing judge, who also conducted Alvarez's plea hearing, further recollected that during the plea hearing, Alvarez was asked whether he understood that if the sentence he

4

received was more severe than the sentence he expected he would still be bound by his plea and he would have no right to withdraw it. The court noted that he must have replied "yes" because the plea would not have been accepted if Alvarez said "no." See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977). Alvarez has not articulated a compelling reason why his statements at his plea hearing should be disregarded. Id. at 75. Further, the district court was not required to advise Alvarez about his applicable sentencing guideline range prior to accepting his guilty plea. Puckett, 61 F.3d at 1099. A review of the remaining Moore factors also weighs against allowing Alvarez to withdraw his plea. Moore, 931 F.2d at 248. Thus, we find that Alvarez knowingly and voluntarily pled guilty.

Alvarez next claims that the district court erred in enhancing his offense level by six points. Alvarez's base offense level was increased by six points pursuant to USSG § 2L2.1(b)(2)(C), because the court determined that more than 100 fraudulent documents were involved in his offense. Alvarez alleges that the district court's factual findings were clearly erroneous because the court relied on hearsay testimony rather than requiring the Government to present affidavits from 100 or more illegal aliens indicating that their political asylum applications were fraudulent.

This court has held that a sentencing court enjoys broad discretion in determining what information it will credit for sentencing purposes. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). A sentencing court may properly consider even uncorroborated hearsay that the defendant has had an opportunity to rebut or explain. Id. In addition, factual disputes concerning adjustments under the guidelines should be resolved by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). The standard of review regarding factual findings by the district court during sentencing is clear error. See United States v. Turner, 59 F.3d 481, 484 (4th Cir. 1995). A preponderance of the evidence supported the district court's application of the six-point enhancement to Alvarez's offense level, and thus, the district court did not err.

Elizabeth Goyer, a special agent of the INS, and Grace McPhearson, Alvarez's probation officer, both estimated that more than 100 fraudulent documents were involved in Alvarez's offense. Goyer's

5

testimony was based upon her review of approximately 1500 political asylum applications in various states of preparation that were found in the office of MISI and interviews of approximately fifty aliens who filed fraudulent applications through MISI.

The district court also found credible the testimony of the probation officer, Grace McPhearson. McPhearson's testimony was based upon her interview of Alvarez's mother, Rancone, during the preparation of Alvarez's presentence report. Although Rancone's testimony at the sentencing hearing contradicted McPhearson's testimony, the court did not find Rancone's testimony credible. This court does not review a trier of fact's assessment of credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Therefore, we hold that the district court's application of the six-point enhancement was not clearly erroneous.

Accordingly, we affirm Alvarez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED